IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NANCY DAVIS,

                Plaintiff,                OPINION AND ORDER

v.

                                          15-cv-610-wmc

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

---

      Plaintiff Nancy Davis seeks judicial review of an ALJ's denial of her applications for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. § 405(g). Before the court is defendant Carolyn W. Colvin's motion to dismiss for failure to exhaust administrative remedies. (Dkt. #12.) Specifically, the defendant contends that § 405(g) does not provide a cause of action because Davis's request for review of the ALJ's decision was dismissed (rather than denied) as untimely by the Appeals Council.

      While the court agrees with defendant that Davis cannot state a claim for review of the ALJ's denial of benefits, she can seek still judicial review of the Appeals Council's decision itself, should she wish to do so. As such, the court will grant defendant's motion, but will allow plaintiff an opportunity to file an amended complaint challenging the Council's finding that Davis failed to demonstrate good cause for filing an untimely request for review of the ALJ decision.

BACKGROUND

On December 23, 2014, the ALJ issued a decision finding that Davis was not disabled. (Chung Aff., Ex. A (dkt. #13-1) 14.) That decision informed Davis and her then attorney that they had to file a written appeal "within 60 days of the date you get this notice," and further explains that the "Appeals Council assumes you got this notice 5 days after the date of the notice[.]" (*Id.*)

Assuming a 65 day window then, Davis's notice of appeal to the Appeals Council was due February 26, 2015. Instead, Davis filed her request for review on April 6, 2015, some 39 days *after* that deadline. (Chung Aff., Ex. B (dkt. #13-2) 14.)[1] Accordingly, the Appeals Council dismissed her appeal as untimely. The Council went on to find Davis's statement that she was unclear about her window for filing an appeal did not constitute good cause for extending the filing deadline. (*Id.* at 16.)

OPINION

In moving to dismiss, the government starts with 42 U.S.C. § 405(g), which sets forth the availability of judicial review of "any final decision of the Commissioner of Social Security." The government then looks to the regulations to argue that a "final decision" is either (1) a denial of a request for review or (2) a grant of review followed by a decision on the merits. 20 C.F.R. § 404.981. With that statutory and regulatory framework in mind, the government argues that there is "no authorization for judicial

---

[1] Curiously, it appears that Davis signed her request for review of hearing decision on February 13, 2015, and her counsel for the administrative appeal and in this action, signed it on March 11, 2015. (Chung Aff., Ex. B (dkt. #13-2) 14.) Regardless, Davis does not appear to dispute that the request was in fact filed on April 6, 2015.

review of the ALJ's decision where the Appeals Council dismissed the request for review," as here. (Def.'s Br. (dkt. #12) 3 (citing 20 C.F.R. § 404.972 ("The dismissal of a request for Appeals Council review is binding and not subject to further review."))). So far, so good.

In response, however, plaintiff directs the court to a relatively recent Seventh Circuit opinion, which holds that judicial review of a *dismissal*, in contrast to a denial, of a claim *is* available. In *Boley v. Colvin*, 761 F.3d 803 (7th Cir. 2014), the claimant missed the deadline for seeking review of the initial denial of benefits by an ALJ, while the missed deadline here was that for submitting an appeal to the Appeals Council. Still, the central reasoning and holding of *Boley* apply with equal force. Citing to *Mathews v. Eldridge*, 424 U.S. 319 (1976), in particular, the Seventh Circuit explained that:

> § 405(g) creates two requirements, only one of which is strictly jurisdictional in the sense that it cannot be waived by the parties. *The waivable element* is the requirement that the administrative remedies prescribed by the [agency] be exhausted. *The nonwaivable element* is the requirement that a claim for benefits shall have been presented to the [agency].

*Id.* at 806 (emphasis added).

In this case, there is no dispute that Davis presented a claim for benefits, nor that the Agency denied her claim initially and again on review by an ALJ. Moreover, Davis "pursued [her claim for benefits] as far as the agency permitted," *Boley*, 761 F.3d at 806, by submitting an appeal to the Appeals Council, including a request for an extension of time, which was dismissed. As such, Davis has met "the nonwaivable element" for purposes of allowing judicial review. *Id.*; *see also Faulkner v. Colvin*, No. 1:14-cv-01767-JMS-TAB, 2015 WL 4619838, at *2 (S.D. Ind. July 31, 2015) (applying holding in *Boley*

3

to allow for judicial review of Appeals Council's rejection of request to extend deadline for filing appeal).

The remaining question is *what kind* of judicial review. The court in *Boley* limited review to "whether substantial evidence, and appropriate procedures, underlie the decision that Boley lacks 'good cause' for her delay in seeking intra-agency review." *Id.* at 808; *see also Faulkner*, 2015 WL 4619838, at *3. In other words, the judicial action does *not* encompass review of the underlying denial of benefits decision. The government failed to address *Boley* in its opening brief or in its reply, but likely believed it unnecessary since Davis's complaint does not seek review of the Appeals Council's dismissal of her appeal. Rather, Davis characterizes this action as "an appeal [from] the final administrative decision denying Plaintiff[']s claim," and states that she's seeking review of a "decision of the Commissioner of Social Security denying claim . . . for social security disability benefits for lack of disability." (Compl. (dkt. #1) ¶¶ 1, 2.)

The failure of plaintiff's counsel to characterize correctly the nature of plaintiff's remaining available claim, as well as the scope of judicial review, is consistent with counsel's general sloppiness in prosecuting claims. Still, the court is disinclined to cut off his client's access to judicial review based on this shortcoming. Accordingly, the court will grant defendant's motion to dismiss, finding that her original claim for judicial review of a denial of benefits was waived, but allowing her to file an amended complaint

consistent with the judicial review allowed under *Boley*. That amended complaint, if any, is due on or before September 12, 2016.[2]

## ORDER

IT IS ORDERED that:

1) Defendant Carolyn W. Colvin's motion to dismiss for failure to state a claim (dkt. #12) is GRANTED. Plaintiff's complaint is dismissed without prejudice.

2) Plaintiff Nancy Davis may have until September 12, 2016, to file an amended complaint consistent with this opinion and order. Failure of plaintiff to file a timely amendment will result in dismissal of this case with prejudice.

Entered this 29th day of August, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] The court is aware of the likelihood that the outcome here may ultimate be the same given the deference shown the Council's ruling. Even so, that is plaintiff's choice in the first instance, particularly where the record suggest that plaintiff may have timely signed her appeal even if her counsel acted too slowly to preserve it. Failing that, plaintiff's sole avenue for relief may be a legal malpractice claim.